**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| DAVID A. HENAO-HENAO.<br> Plaintiff,<br><br> v.<br><br>LINDE GAS PUERTO RICO INC., ET AL.<br> Defendants. | Civil Case. NO. 13-1428 (PG) |

**OMNIBUS OPINION AND ORDER**

David Henao-Henao sued his employer, Linde Gas Puerto Rico Inc., alleging that the company discriminated against him based on his national origin and age when it discharged him as part of a company-wide reduction in force. Linde Gas moves to dismiss. We grant in part and deny in part.

### I. BACKGROUND

In 2008, Henao was offered a position as a management engineer for Linde Gas in the United States. Linde Gas had recently acquired Henao's long-term employer, CryoGas S.A. Henao accepted the offer but upon arriving in the United States was informed that Linde Gas had eliminated his new position. Linde Gas invited Henao to apply for other positions within the company, and he eventually secured employment in Linde Gas' office in Corpus Christie, Texas. From this point forward, according to his complaint, Henao bounced from position to position until finally settling in as a cylinder operations manager at Linde Gas' plant in Cataño, Puerto Rico.

Upon arriving in Puerto Rico in January of 2011, however, Henao was once again informed that a company-wide restructuring would impact his new position. Before long, senior managers at Linde Gas' Cataño plant expressed "discriminatory" remarks about Henao's Colombian nationality and his age. Henao claims that other Linde Gas employees were incited to join in this harassment.

On September 11, 2011, Henao was hand-delivered a letter of termination, effective November 18, 2011. Despite having several more weeks of employment, Henao claims that, after he received his letter of

termination, security guards impeded his access to the plant because they had been instructed to prevent his entrance. Around this time, a Linde Gas human resources officer informed Henao that, despite the explicit details articulated in his termination letter, his severance package would be altered in accordance with local Commonwealth law — an alteration that, according to Henao, significantly reduced his overall benefits.

Henao eventually filed a claim with the State Insurance Fund, seeking treatment for work-related depression. After an evaluation, the Insurance Fund ordered Henao be granted leave for depression and work-related anxiety.

On June 3, 2013, Henao filed this suit against Linde Gas alleging national origin and age discrimination under federal and Commonwealth law. (Docket No. 1.) Linde Gas and Robert Schroeder, director of Linde Gas Puerto Rico, moved to dismiss. (Docket No. 15.) On November 22, 2013, the co-defendants' filed a separate motion to dismiss. (Docket No. 22.)

## II. STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff's complaint must contain "' a short and plain statement of the claim.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); see also FED.R.CIV.P. 8(a)(2). While a complaint need not contain detailed factual allegations, Rodriguez-Vives v. Puerto Rico Firefighters Corps of Puerto Rico, 743 F.3d 278, 283 (1st Cir.2014), a plaintiff must provide "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (internal quotation marks omitted). In assessing a claim's plausibility, we must construe the complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (citing Twombly, 550 U.S. at 570); accord Maloy v. Ballori-Lage, 744 F.3d 250, 252 (1st Cir.2014). When reviewing a motion to dismiss, we "must consider the complaint in its entirety, as well as other sources ordinarily examined when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by

reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). Finally, determining the plausibility of a claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

### III. DISCUSSION

**1. Defendants First Motion to Dismiss**

*A. Title VII Claim*

The defendants assert that Henao filed his charge with the EEOC on December 2, 2011 — barring his complaint. We cannot agree.

Title VII prohibits employers from discriminating against individuals because of an individual's race, color, religion, sex, or national origin. Ramos-Echevarria v. Pichis, Inc., 659 F.3d 182, 186 (1st Cir. 2011). Under Title VII, judicial recourse is not a remedy of first resort. Morales-Vallellanes v. Potter, 339 F.3d 9, 18 (1st Cir.2003). An employee must timely exhaust administrative remedies before bringing a Title VII claim in federal court. Franceschi v. U.S. Dept. of Veterans Affairs, 514 F.3d 81, 85 (1st Cir.2008). Title VII requires a person seeking remedy from employment discrimination to file a charge with the EEOC within 180 or 300 days after the "alleged unlawful employment practice occurred." Johnson v. University of Puerto Rico, 714 F.3d 48, 53 (1st Cir.2013) (citation omitted). Puerto Rico is generally a "deferral" jurisdiction; therefore, the administrative charge must be filed within 300 days of the alleged unlawful conduct. Velazquez-Perez v. Developers Diversified Realty Corp., 753 F.3d 265, 276 (1st Cir. 2014).

Three-hundred days before November 3, 2011 takes us as far back as January 7, 2011. The acts that gave way to the filing of the above-captioned complaint allegedly commenced after the plaintiff was transferred to Puerto Rico on January 23, 2011. (Docket No. 1.) Because Henao filed his EEOC charge on November 3, 2011 for acts that began taking place on January 23 of the same year, his claims fall within the 300 day-period set forth in section 2000e-5(e)(1). As a result, the plaintiff's Title VII claim will not be dismissed on these grounds.

In his complaint, Henao sets forth a hostile work environment claim against the defendants. (Docket No. 1 at ¶ 94.) Some of the acts he alleged contributed to the hostile work environment claim occurred within the filing period, such as the August 2011 incident wherein the plaintiff was allegedly insulted and falsely accused of inventing estimates, since "surely Plaintiff was accustomed to falsifying numbers because that is how they do it in Colombia and in South America." (Docket No. 1. at ¶ 47.) Therefore, we will not dismiss the plaintiff's claim on these grounds. In light of the foregoing, we hereby **DENY** the co-defendants' request as to Henao's Title VII claim.

### B. Age Discrimination in Employment Act (ADEA) Claim

The co-defendants argue that Henao failed to timely exhaust his administrative remedies before filing his ADEA claim. (Docket No. 15 at 5.) We disagree.

Exhaustion of administrative remedies is required under the ADEA prior to filing suit in federal court. No civil suit can be filed before 60 days after a charge alleging unlawful discrimination has been filed with the EEOC. See 29 U.S.C. § 626(d); see also Federal Exp. Corp. v. Holowecki, 552 U.S. 389, 395 (2008).

Henao included a discrimination charge based on age in the charge he filed with the EEOC. (Docket No. 19-1.) Because we have already found that Henao satisfied the administrative exhaustion requirement before filing this action, we will refrain from addressing that argument anew. Accordingly, we **DENY** the co-defendant's request as to Henao's ADEA claim.

### C. Claims against co-defendant Schroder

The co-defendants argue there is no personal liability under Title VII or the ADEA, necessitating dismissal of Henao's claims against Schroder in his individual capacity.

We have previously found that neither ADEA nor Title VII provide for individual liability. See Rodriguez-Torres v. Government Development Bank of Puerto Rico, 708 F.Supp.2d 195, at 202 (D.P.R. 2010).

But Henao asserts that he did not bring a Title VII or ADEA claim against co-defendant Schroder in his personal capacity, (Docket No. 19 at 6), but instead argues that the claims against Schroder are brought pursuant to Article II, §§ 1 and 16 of the Constitution of the

Commonwealth of Puerto Rico, and Puerto Rico Law No. 100.

Whether Puerto Rico's labor laws provide for personal liability was addressed by the Commonwealth Supreme Court in Rosario v. Distribuidora Kikuet, Inc., 151 P.R. Dec. 634 (2000). We subsequently adopted the Commonwealth Supreme Court's interpretation. See Hernandez v. Raytheon Service Company Puerto Rico, 2006 WL1737167 (D.P.R. 2006). In Raytheon, we held that, under Commonwealth law, a supervisor can be held civilly liable in his personal capacity for harassment. Id. at 2 (quoting Distribuidora Kikuet, 155 P.R. Dec. at 647). Although Distribuidora Kikuet dealt specifically with a sexual harassment claim, the holding of the case has been interpreted by federal courts "to include supervisory liability under Law 100 in the broader sense." Hernandez at 2 (citing Diaz-Rivera v. El Dia, Inc., 2005 WL2333645(D.P.R.); see also Acevedo Martinez v. Coatings, Inc. and Co., 251 F.Supp.2d 1058 (D.P.R. 2003); Rodriguez v. Econo Supermarkets, 204 F.Supp.2d 289 (D.P.R. 2002)). Because Commonwealth law provides for personal liability, we **DENY** the co-defendants' request as to Henao's claim pursuant to Law 100.

Next, Henao also sets forth a claim against Schroder in his personal capacity pursuant to Article II, §§ 1 and 16 of the Constitution of the Commonwealth of Puerto Rico.

State action may be attributed to a private actor if: (1) there is a financial or regulatory nexus between the private actor and the government, which compelled the private actor to act as it did; (2) the private actor assumes a traditionally public function; or (3) a symbiotic relationship exists between the private actor and the government. See Brown v. Newberger, 291 F.3d 89, 93 (1st Cir. 2002).

Here, Henao's complaint fails to demonstrate how Schroder meets any of the three elements of state action. Indeed, Henao's complaint lacks the indispensable element of state action, absent which he has no viable claim that his state constitutional rights were violated by the defendants. See, e.g., Mead v. Independence Ass'n, 684 F.3d 226, 231 (1st Cir. 2012). Therefore, Henao's constitutional claims against Schroder are **DISMISSED WITH PREJUDICE.**

**2. Defendant's Second Motion to Dismiss**
***A. Time-barred argument***

In their second motion to dismiss, the co-defendants renew their arguments that Henao's claims are time-barred. We have already discussed and denied these arguments. Consequently, we will refrain from addressing these arguments anew.

## B. *Henao's complaint lacks allegations against Linde Gas North America LLC*

The co-defendants also assert that Henao has failed to state any claim against Linde Gas North America, LLC, and that Henao was never employed by Linde Gas North America, LLC. As a result, they request the complaint be dismissed. (Docket No. 22 at 7.) We disagree.

A review of the plaintiff's complaint clearly indicates that Henao alleges that "the first indications of hostility and harassment were encountered when Dan Reed, General Manager of Operations at Corpus Christi and Shane Force started questioning Plaintiff's experience and English-language knowledge." (Docket No. 1. at ¶ 10.) Moreover, the complaint sets forth additional acts involving another Linde Gas North America employee, Donna Sanders, Human Resources Manager at Linde Gas North America. (Docket No. 1. at ¶ 59, 60 and 61.) Accordingly, we hold that the defendants' arguments with regards to Linde Gas North America are meritless, and hereby **DENY** their request.

## C. *Defendants' argument that Linde Gas USA, LLC, is not a legal entity*

Finally, the co-defendants request that we dismiss all claims against Linde Gas USA, LLC, because the plaintiff failed "to state allegations against said defendant." (Docket No. 22 at 8.) Moreover, the co-defendants assert that Linde Gas USA is not a legal entity. See id. To that extent, they include an unsworn statement under penalty of perjury declaring that Linde Gas USA is not a legal entity that is owned, controlled or affiliated with Linde Gas North America. (Docket No. 22-3.) Henao asserts that, pursuant to Fed.R.Civ.P. 17, Title VII and the ADEA, the fact that a limited liability company is not a registered entity is no bar for it to be sued. (Docket No. 24.) We agree.

Similar to corporations, limited liability companies are recognized as independent legal entities apart from officers and members, with the power to enter contracts, to buy, own and sell real and personal property, incur debts, and sue or be sued. As such, the argument that Linde Gase USA is not a legal entity, and therefore cannot be sued,

fails.

## IV. CONCLUSION

Accordingly, the co-defendants' motion to dismiss (Docket No. 15) is **GRANTED IN PART AND DENIED IN PART**. The plaintiff's constitutional claims against Schroder are **DISMISSED WITH PREJUDICE**. All other claims brought by the plaintiff may proceed.

**SO ORDERED.**

In San Juan, Puerto Rico, September 11th, 2014.

S/ JUAN M. PÉREZ-GIMÉNEZ
JUAN M. PÉREZ-GIMÉNEZ
UNITED STATES DISTRICT JUDGE